**Order entered May 19, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-01479-CR
No. 05-14-1480-CR

**MARCUS STEVE MCCLARITY, JR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-56375-R, F14-56269-R**

## ORDER

The documents before the Court reflect that appellant was sentenced in each case on November 5, 2014, he filed pro se notices of appeal on November 17, 2014, and the trial court certified that he has the right to appeal. The Court has not received information that appellant is represented by either retained or appointed counsel on appeal. Moreover, the clerk's and reporter's records have not been filed.

Accordingly, we **ORDER** the trial court to make findings of fact regarding whether appellant has been deprived of the clerk's and reporter's records because of ineffective counsel, indigence, or for any other reason.

- The trial court shall first determine whether appellant desires to prosecute the appeals. If the trial court determines that appellant does not desire to prosecute the appeals, it shall make a finding to that effect.

- If the trial court determines that appellant desires to prosecute the appeals, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the clerk's and reporter's records. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeals.

- The trial court shall next determine: (1) the name and address of each court reporter who recorded the proceedings in this cause; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

- The trial court shall next determine the date by which the clerk's records will be filed.

We **ORDER** the trial court to transmit a record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order.

The appeals are **ABATED** to allow the trial court to comply with this order. The appeals shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/ LANA MYERS
   JUSTICE